394 S.E.2d 54

**Lewis Michael MAXWELL and Sherry Maxwell**

v.

**EASTERN ASSOCIATED COAL CORPORATION, INC., a Foreign Corporation;**

**and**

**The Baltimore & Ohio Railway Company, Inc., a Foreign Corporation.**

No. 19156.

Supreme Court of Appeals of West Virginia.

May 17, 1990.

Roger D. Curry, McLaughlin and Curry, Fairmont, for Lewis M. Maxwell and Sherry Maxwell.

Paul E. Parker, III, Rose, Padden and Petty, Fairmont, for Eastern Associated Coal Corp., Inc. and Baltimore and Ohio Ry. Co., Inc.

BROTHERTON, Justice:

This is an appeal by Lewis Michael Maxwell and Sherry Maxwell, his wife, from an order of the Circuit Court of Marion County dismissing their personal injury action against the Baltimore & Ohio Railway Company, Inc. The action was initially filed against Eastern Associated Coal Corporation, the Chessie System, and CSX Corporation. After the period of the statute of limitations had expired, the appellants amended their complaint and join the Baltimore & Ohio Railway Company, Inc., as a party defendant. The circuit court dismissed the action against the Baltimore & Ohio Railway Company on the ground that it had not been joined within the period of the statute of limitations and that the action was thus not maintainable. On appeal, the appellants claim that the circuit court's action was improper. After reviewing the record, this Court disagrees and affirms the judgment of the Circuit Court of Marion County.

The appellant, Lewis Michael Maxwell, suffered personal injuries on April 19, 1983, when he fell from a coal car. Exactly two years after the injuries, on the last day provided under the applicable statute of limitations, Mr. Maxwell and his wife filed a personal injury action against his employer, Eastern Associated Coal Corporation and against the Chessie System and CSX.

The summonses against the Chessie System and CSX were never served and the case languished for two years.[1] In that two-year period, counsel for the appellants learned that the proper railroad defendant was not the Chessie System and CSX Corporation, but the Baltimore & Ohio Railway Company, Inc., and consequently counsel for the appellant moved, on July 30, 1985, to substitute the Baltimore & Ohio Railway Company, Inc. for the Chessie System and CSX.

On February 9, 1987, the circuit court denied the substitution motion but granted the appellants permission to amend their complaint. At the time the court declined to take a position concerning the applicability of the statute of limitations.

On April 16, 1987, the appellants filed an amended complaint naming the Baltimore & Ohio Railway Company, Inc. as defendant. A summons was issued on the amended complaint and served on the Baltimore & Ohio Railway Company, Inc. through the West Virginia Secretary of State.

On May 20, 1987, the Baltimore & Ohio Railway Company filed an answer and prayed that the action be dismissed because of the appellants' failure to prosecute in a timely manner and also on the ground that the amended complaint had not been filed within the applicable limitations period. The circuit court took the motion under advisement, and by order entered on July 6, 1988, dismissed the action on the ground that it had not been properly instituted within the relevant limitations period.

In the present proceeding, the appellants claim that their original complaint was filed within the appropriate limitations period and that, under the circumstances of the case, the action should not have been dismissed. The appellants, in effect, take the position that the original complaint was timely filed and that the amendment adding the Baltimore & Ohio Railway Company, Inc. as a party defendant should be deemed to "relate back" to the time of the filing of the original complaint. We disagree.

Under the relation-back doctrine, it has been recognized that if an amendment can be deemed to "relate back" to the time of the filing of the original complaint, it will be deemed to be timely filed for the purposes of the statute of limitations if the original complaint was timely filed. *See, e.g., Roberts v. Wagner Chevrolet–Olds, Inc.,* 163 W.Va. 559, 258 S.E.2d 901 (1979).

Rule 15(c) of the West Virginia Rules of Civil Procedure governs the "relation back" of amended pleadings. It provides:

---

**1.** Why the summonses were not served is unclear from the record, but the appellants, in their petition, concede that the summonses were not served. The Court notes that the appellants were represented by different attorneys at trial and on appeal.

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

This language is, in all relevant respects, identical to language contained in Federal Rule 15(c),[2] and in interpreting it this Court has looked for guidance to federal decisions interpreting Federal Rule 15(c) upon which West Virginia's rule is based. *See, e.g., Plum v. Mitter*, 157 W.Va. 773, 204 S.E.2d 8 (1974).

■ Prior to 1986 there was some question under federal law as to the requirement in Rule 15(c) that notice to the party to be added must have been received "within the period provided by law for commencing the action." Some courts concluded that before "relation back" could occur notice of the pendency of the action had to be received by the party to be added before the limitations period expired. They reasoned that to rule otherwise might deprive the new party of the right to raise the limitations defense and might raise a question of procedural due process. *See e.g., Cooper v. U.S. Postal Service*, 740 F.2d 714 (9th Cir.1984), *cert. denied* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985); *Hughes v. United States*, 701 F.2d 56 (7th Cir.1982); *Norton v. International Harvester Co.*, 627 F.2d 18 (7th Cir.1980); *Gridley v. Cunningham*, 550 F.2d 551 (8th Cir.1977). Other courts concluded that relation back occurred if the action was filed within the statutory period and notice was given within the time allowed for service of process. *See e.g., Hendrix v. Memorial Hospital of Galveston Co.*, 776 F.2d 1255 (5th Cir.1985); *Bell v. P & B Manufacturing Corp.*, 107 F.R.D. 371 (D.C.Tenn.1985).

The question raised by the conflicting views was resolved by the Supreme Court of the United States in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), where the Court concluded that notice of the filing of the action must be received by the party being added as a defendant within the period of the statute of limitations.

In the *Schiavone* case, three plaintiffs on May 9, 1983, filed complaints in a federal district court alleging that they had been libeled in a story which appeared in the May 31, 1982, issue of Fortune magazine. "Fortune" was a trademark and name of an international division of Time Incorporated, a New York corporation. The plaintiffs named "Fortune" as the defendant and described Fortune as "a foreign corporation having its principal offices at Time and Life Building" in New York City. On May 20, the plaintiffs' counsel mailed the complaints to Time's registered agent. They were received on May 23, but the agent refused to accept them because Time had not been named as a defendant.

On July 18, 1983, the plaintiffs moved to amend their complaint to name the captioned defendant as "Fortune, also known as Time, Incorporated."

Time moved to dismiss the complaints. It acknowledged that the original complaints were filed within the limitations period, but it argued that it could not be joined as a defendant after the limitations period had expired.

The district court granted Time's motion, and Schiavone and the other plaintiff appealed. The United States Court of Ap-

---

**2.** The only difference is that in the second sentence the West Virginia rule provides "... within the period provided by law for commencing the action against him, the party to be brought in by amendment ...," where the federal rule provides "... within the period provided by law for commencing the action against the party to be brought in by amendment that party...."

peals for the Third Circuit affirmed,[3] and the plaintiffs appealed to the Supreme Court of the United States.

In *Schiavone v. Fortune, supra,* the Supreme Court of the United States examined Rule 15(c) and noted that the clear language of the rule allowed relation back of an amendment adding a party only if the party received notice of the institution of the action within the applicable limitations period. The Court also examined Advisory Committee's notes on the rule and found that the Committee had contemplated that there not be relation back adding a party unless the party had notice of the bringing of the action within the period of the statute of limitations. The Court, therefore, ruled that an amendment adding a party would not relate back unless the added party had notice of the bringing of the action within the limitations period. The Court further ruled that in the *Schiavone* case Time did not receive notice of the plaintiffs' actions within the limitations period, and Time could thus not be added as a party defendant by relation back of the plaintiffs' amendments.

In commenting on the situation under Federal Rules after *Schiavone,* 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 1498, p. 114 (1990) states:

> Although the Schiavone decision has been criticized severely by commentators and calls for reform of the rule have been made, the lower courts necessarily have followed it and it now is clear that a key to establishing the requisite notice under the rule is a finding that notice was received prior to the running of the statute of limitations. If it was not, the amendment must be denied.

Because the language of West Virginia's rule is in all relevant respects identical to that of the federal rule, because the Court has looked to federal decisions for guidance in interpreting identical language in West Virginia's Rules, and because the language of Rule 15(c) is so clear, this Court believes that, as under the Federal Rules, where a plaintiff seeks to change a party defendant

by a motion to amend a complaint under Rule 15(c) of the West Virginia Rules of Civil Procedure, the amendment will relate back to the filing of the original complaint only if the proposed new party defendant, prior to the running of the statute of limitations, received such notice of the institution of the original action that he will not be prejudiced in maintaining his defense on the merits and that he knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In examining the facts of the present case, the record rather clearly shows that none of the railroad defendants in the case was served with a summons giving notice of the pendency of the action until the amended complaint was served on the Baltimore & Ohio Railway Company some four years after the cause of action accrued. In the proceedings before the circuit court, the Baltimore & Ohio Railway Company filed an affidavit made by its claims representative, which was uncontroverted by the appellants, indicating that it first received notice of the injury or suit on April 21, 1987, almost four years after the injury accrued and more than two years after the statute of limitations had expired. The affidavit indicated that prior to the receipt of the amended complaint on April 21, 1987, the Baltimore & Ohio Railway Company had conducted no investigation of the accident and records in its possession failed to show that it had evidence of any type or any knowledge of the facts contained in the amended complaint.

In effect, the record indicates that the Baltimore & Ohio Railway Company had no notice of the pendency of the action within the limitations period established for the bringing of such actions. In view of the requirement that an amendment should not be allowed unless the new party defendant had notice within the limitations period, this Court cannot conclude that the circuit court erred in refusing to rule that the appellants' amended complaint related back to the time of the original complaint or

---

**3.** 750 F.2d 15 (3rd Cir.1984).

erred in holding that the appellants' action was barred by the statute of limitations.

The judgment of the Circuit Court of Marion County is therefore affirmed.

Affirmed.