PER CURIAM:
On June 9, 1989, claimant’s employee, Paul Emery, was operating a make-shift mobile crane on State Route 3, more commonly known as the Shinnston-Mannington Road, approximately two miles west of Shinnston in Harrison County. The vehicle, described as weighting 75,000 pounds and being 11 feet 10.5 inches high, 8 feet 2.5 inches wide, and 35 feet 6 inches long was traveling east on Route 3, when a westbound tractor-trailer (lowboy design) approached in the opposing lane. Believing that both vehicles could not safely proceed at the same time, the claimant’s employee brought the crane to a complete stop to allow the approaching truck to pass first. Joseph Salerno, President of claimant corporation, initially stated that the berm of Roue 3 gave way when the two vehicles passed and the crane over-turned into an adjacent stream. His subsequent testimony suggests that the roadway, not the berm, gave way. The crane fell over the bank adjacent to Route 3. The crane is alleged to have been completely destroyed by the accident and damages are sought in the amount of $250,000.00. The claimant alleges that respondent was negligent as the road and the berm were not adequate, and there were no guardrails present to prevent or protect against such an accident.
The respondent denies negligence and avers that the claimant’s employee’s negligence was the cause of this accident. The respondent states that the crane is a limited use vehicle that was being operated unlawfully without a permit, and was being driven by an inexperienced driver. The respondent also contends that the claimant’s employee merely drove the vehicle off the side of the road, and that the roadway did not collapse. The respondent further contends that the purpose of requiring a permit'for a limited use vehicle such as the crane which is the subject mater of this claim is to allow the State to assist in the safe transportation of such equipment on the highways.
The claimant disagrees with the contention that a permit was required for the transportation of the crane. It is uncontroverted that no permit had been issued.
The respondent’s witness, Allen D. Blackwood, a State Weight Enforcement Officer, testified that the crane was an “S” classified vehicle, meaning special mobile registration. He stated that an S-vehicle exceeded legal dimensions of weight and size must have a permit before it may be lawfully operated upon the State roads and highways. Officer Blackwood testified that this crane exceeded the legal dimensions of weight and width, and should not have been operated without a permit. He stated that a permit would have designated what route could be used, at what time the vehicle could be driven, and what traffic control would be appropriately required. When asked whether this vehicle was being legally operated on the road when the accident occurred, Officer Blackwood testified it was illegal to be on the highways without a permit.
*93 The West Virginia Supreme Court of Appeals has consistently held that the violation of a statute is prima facie evidence of negligence. Anderson v. Moulder, 183 W.Va. 72, 394 S.E.2d 61, (1990). The claimant failed to obtain the required permit for the operation of the crane. W.Va. Code §17-C-17 requires the permit. The Court cannot in equity and good conscience authorize an award where State law has been violated, and such violations may have proximately caused or significantly contributed to the accident which is the subject mater of the claim.
The claimant must prove by a preponderance of the evidence that respondent was negligent. No negligence on the part of the respondent has ben established. The road upon which the crane was driven was 19.6 feet in width which appears to be adequate width for an 8 foot wide vehicle. Further, the absence of a guardrail for this road does not constitute negligence. The West Virginia Supreme Court of Appeals has stated in Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947) that the failure of the state road commission to provide guard rails does not constitute negligence where no fault was found with the road. Considering the financial limitations placed upon the road commissioner, the Supreme Court stated in Adkins that it would be impossible to place guard rails on all points of danger in our mountainous terrain. The Court is of the opinion that claimant has failed to establish that the conditions on Route 3 were the proximate cause of the accident which caused the damages to claimant’s crane.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.