429 S.E.2d 246

**Gloria PLYMALE, Plaintiff Below, Appellant,**

**v.**

**Ottie ADKINS, Sheriff of Cabell County, as Administrator of the Estate of Thomas Witherspoon, Deceased, Defendant Below, Appellee.**

**No. 21410.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 20, 1993.

Decided March 25, 1993.

R. Lee Booten II, David R. Tyson, Huntington, for appellant.

William L. Mundy, Renatha S. Garner, Mundy & Adkins, Huntington, for appellee.

PER CURIAM:

These two certified questions from the Circuit Court of Cabell County concern a complaint that failed to name an unknown "hit and run" driver as a defendant. Gloria Plymale, a guest passenger in an automobile that was struck by a hit and run driver, seeks to amend her complaint to assert an alternative claim against an unknown person. Ms. Plymale's complaint alleges that Thomas Witherspoon was the hit and run driver. After the circuit court denied Ms. Plymale's motions to amend her complaint and to instruct the jury on her alternative theory against an unknown driver, Ms. Plymale requested the certified questions so that the issues could be presented to this Court. In this case because the insurance company that would represent the unknown driver is already representing Mr. Witherspoon, an uninsured driver, and has made no showing of prejudice, we find that Ms. Plymale should be allowed to amend her complaint and proceed on her alternative theory of recovery against an unknown driver.

On April 18, 1986, Ms. Plymale was injured when the car in which she was a passenger was struck by a hit and run driver. The only information concerning the identity of the hit and run driver came from one witness who identified Mr. Witherspoon as the hit and run driver. On April 15, 1988, Ms. Plymale filed a complaint naming as defendants Joseph S. Adkins, the driver of the car in which she was riding, and Mr. Witherspoon.[1] Count two of Ms. Plymale's complaint sought, in the alternative, uninsured motorist coverage under the Mr. Adkins' insurance policy and directed that a copy of the complaint be served on Mr. Adkins' insurance carrier, Aetna Life and Casualty Insurance Company. A copy of the summons and complaint

---

1. Because no allegations of negligence were made against Mr. Adkins, the circuit court dismissed him with prejudice. Mr. Witherspoon is deceased and was replaced in this action by his estate's administrator, Ottie Adkins, Sheriff of Cabell County.

were served on Aetna and pursuant to *W.Va.Code* 33-6-31(d) [1988], Aetna appeared in the name of Mr. Witherspoon. The defense maintains that Mr. Witherspoon was not the "hit and run" driver and therefore, the defense did not provide Ms. Plymale with the insurance status of Mr. Witherspoon until two days before the scheduled trial.

After discovery was concluded and shortly before trial, Ms. Plymale sought, as an alternative theory, to recover under the uninsured coverage for an unknown driver pursuant to *W.Va.Code* 33-6-31(e) [1988]. Ms. Plymale's request to amend her complaint was made after the statute of limitations for her claim had expired. If Ms. Plymale is allowed to proceed against an unknown driver, the unknown driver, as an uninsured person, would be represented by Aetna, the company already representing Mr. Witherspoon. Noting that the statute of limitations had expired for this claim, the circuit court denied Ms. Plymale's request. Ms. Plymale then requested that the issue be presented to this Court by way of certified questions.

## I

The first certified question concerns whether Ms. Plymale's complaint, which fails to name "John Doe," as a defendant, is sufficient to permit recovery under *W.Va.Code* 33-6-31(e) [1988].[2]

*W.Va.Code* 33-6-31(e)(iii) [1988] establishes procedures to be followed when an injury is caused by an unknown motorist and recovery is sought under an uninsured motorist provision. *W.Va.Code* 33-6-31(e)(iii) [1988] states:

Upon trial establish that the motor vehicle, which caused the bodily injury or property damage, whose operator is unknown, was a "hit and run" motor vehicle, meaning a motor vehicle which causes damage to the property of the

insured arising out of physical contact of such motor vehicle therewith, or which causes bodily injury to the insured arising out of physical contact of such motor vehicle with the insured or with a motor vehicle which the insured was occupying at the time of the accident. If the owner or operator of any motor vehicle causing bodily injury or property damage be unknown, an action may be instituted against the unknown defendant as "John Doe," in the county in which the accident took place or in any other county in which such action would be proper under the provisions of article one [§ 56-1-1], chapter fifty-six of this code; service of process may be made by delivery of a copy of the complaint and summons or other pleadings to the clerk of the court in which the action is brought, and service upon the insurance company issuing the policy shall be made as prescribed by law as though such insurance company were a party defendant. The insurance company shall have the right to file pleadings and take other action allowable by law in the name of John Doe.

In *Lusk v. Doe*, 175 W.Va. 775, 778, 338 S.E.2d 375, 378 (1985) we said:

When the cause of action is against an unknown ("hit and run") motorist, the proper procedure ... is to institute a "John Doe" action pursuant to subsection (e)(iii) of West Virginia Code § 33-6-31.

■ Ms. Plymale argues that the use of "may be" in *W.Va.Code* 33-6-31(e)(iii) [1988] within the context of "an action *may be* instituted against the unknown defendant as 'John Doe' " shows that the naming of John Doe as a defendant is not required. However, subsection (iii) also provides that "service upon the insurance company issuing the policy shall be made as prescribed by law as though such insurance company were a party defendant" and "[t]he insurance company shall have the right to file

2. The first certified question is:

Is a complaint seeking damages for personal injuries resulting from a hit-and-run motor vehicle accident, which names a known individual as the defendant driver allegedly liable for such injuries, sufficient for the plaintiff to pursue a claim for such damages, and to sustain a verdict, if any, against an unknown hit-and-run motorist pursuant to the provisions of West Virginia Code Section 33-6-31(e)(iii), even though the complaint does not name John Doe as a defendant?

pleadings and take other action allowable by law in the name of John Doe." *See Ara v. Erie Ins. Co.*, 182 W.Va. 266, 269, 387 S.E.2d 320, 323 (1989) (holding the use of "shall" in *W.Va.Code* 33–6–31(d) [1988] indicates a mandatory connotation); Syllabus Point 2, *Terry v. Sencindiver*, 153 W.Va. 651, 171 S.E.2d 480 (1969) (holding that absent a showing of a contrary intent, the word "shall ... should be afforded a mandatory connotation"). When *W.Va.Code* 33–6–31(e)(iii) [1988] is read as a whole, we find that the mechanism triggering the insurance company's ability to act as a party defendant is the naming of John Doe as a defendant and that the phrase "may be" relates to the filing of a suit and not its procedures.

█ Based on the provisions of *W.Va. Code* 33–6–31(e)(iii) [1988], we find that a suit seeking to establish liability of an unknown motorist to recovery under the uninsured motorist provisions should name "John Doe" as a defendant. Therefore, we agree with the circuit court's negative answer to the first certified question and find that Ms. Plymale's present complaint that fails to name John Doe as a defendant is insufficient to permit recovery under the uninsured motorist provision of Mr. Adkins' policy.

## II

█ The second certified question concerns whether Mrs. Plymale can amend her complaint to join John Doe as a defendant pursuant to *W.Va.Code* 33–6–31(e)(iii) [1988] after the running of the statute of limitations on her personal injury claim.[3]

---

**3.** The second certified question is:

Is it proper to grant a plaintiff leave to amend her complaint to join John Doe as a defendant, pursuant to West Virginia Code Section 33–6–31(e)(iii), in an action for personal injuries arising from a hit-and-run motor vehicle accident after the statute of limitations on the personal injury claim has expired, when the original complaint names a known individual as the defendant driver allegedly liable for such injuries?

**4.** Aetna argues that both the notice and procedural requirements of *W.Va.Code* 33–6–31(e)

Although *W.Va.Code* 33–6–31(e)(iii) [1988] outlines the proper procedures to proceed against an unknown motorist, Rule 15 of the *W.Va. Rules of Civil Procedure* [1990] governs a motion to amend a complaint seeking recovery under *W.Va.Code* § 33–6–31(e) [1988].[4] Because the statute of limitations expired, Ms. Plymale seeks to have her amendment relate back to the filing of her original complaint. Rule 15(c) of *W.Va. Rules of Civil Procedure* [1978], governs when amendments relate back. Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

█ In the present case, Aetna alleges that Rule 15(c) bars Ms. Plymale's amendment because the notice Aetna received was insufficient and prejudiced its ability to maintain a defense. In *Maxwell v. Eastern Association Coal Corporation, Inc.*, 183 W.Va. 70, 72–73, 394 S.E.2d 54, 56–57 (1990) (discussing when a plaintiff can

---

[1988], are mandatory and that Ms. Plymale's failure to follow the procedures precludes any recovery. The technical approach to pleadings urged by Aetna is contrary to our long-standing liberality in permitting amendments of pleadings. Rule 15(a) provides that "leave [to amend pleadings] shall be freely given when justice so requires." *See also Perdue v. S.J. Groves & Sons Co.*, 152 W.Va. 222, 161 S.E.2d 250 (1968) (recognizing liberality to amend pleadings existed prior to the adoption of the *W.Va. Rules of Civil Procedure* ).

change a party defendant by a motion to amend a complaint under Rule 15(c)), we noted that the Supreme Court in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) (discussing the federal rule, which in 1990 was in all relevant respects identical to the language of West Virginia's Rule 15(c)) held that "an amendment adding a party would not relate back unless the added party had notice of the bringing of the action within the limitations period." [5] *Maxwell, supra*, 183 W.Va. at 73, 394 S.E.2d at 57. *See* 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 1498 (1990). In Syllabus, *Maxwell*, we said:

> Where a plaintiff seeks to change a party defendant by a motion to amend a complaint under Rule 15(c) of the West Virginia Rules of Civil Procedure, the amendment will relate back to the filing of the original complaint only if the proposed new party defendant, prior to the running of the statute of limitations, received such notice of the institution of the original action that he will not be prejudiced in maintaining his defense on the merits and that he knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*See also* Syllabus Point 3, *Rosier v. Garron, Inc.*, 156 W.Va. 861, 199 S.E.2d 50 (1973) (holding that "motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue").

In the present case, although the added defendant is an unknown motorist, Aetna, by virtue of uninsured coverage, is the insurer of unknown motorists. Because Aetna is involved by virtue of Mr. Witherspoon's uninsured status, Aetna received a copy of the summons and complaint and had been active in Mr. Witherspoon's defense.[6] Thus, Aetna received notice of the institution of the action "within the period provided by law for commencing the action against him...." Rule 15(c), *W.Va. Rules of Civil Procedure* [1990].

Aetna maintains that it would be prejudiced in defending an unknown motorist because although notice under *W.Va.Code* 33–6–31(d) [1988] was provided, that notice was insufficient to allow Aetna "to investigate the identity of that [the unknown] driver or learn his whereabouts." Aetna argues that "[i]t was left with no opportunity ... to present any defense to an action against John Doe." In Syllabus Point 2, *State Auto Mut. Ins. Co. v. Youler*, 183 W.Va. 556, 396 S.E.2d 737 (1990), we said that after the insured showed the reason for the delay, "the insurer must then demonstrate that it was prejudiced by the insured's failure to give notice sooner."

■ We are also mindful that a primary "purpose of mandatory uninsured motorist coverage is to protect innocent victims from the hardships caused by negligent, financially irresponsible drivers." *Lusk, supra*, 175 W.Va. at 779, 338 S.E.2d at 380. In Syllabus Point 7, *Perkins v.*

---

**5.** Rule 15(c) of the *Federal Rules of Civil Procedure* was amended in 1991 to make it clear that service could take place outside the period of limitations, so long as it was accomplished within the time provided by Rule 4. Our Rule 15(c) has not been amended.

**6.** Aetna's defense of Mr. Witherspoon, an uninsured motorist was pursuant to *W.Va.Code* 33–6–31(d) [1988], which provides:

> Any insured intending to rely on the coverage required by subsection (b) of this section shall, if any action be instituted against the owner or operator of an uninsured or underinsured motor vehicle, cause a copy of the summons and a copy of the complaint to be

served upon the insurance company issuing the policy, in the manner prescribed by law, as though such insurance company were a named party defendant; such company shall thereafter have the right to file pleadings and to take other action allowable by law in the name of the owner, or operator, or both, of the uninsured or underinsured motor vehicle or in its own name.

Nothing in this subsection shall prevent such owner or operator from employing counsel of his own choice and taking any action in his own interest in connection with such proceeding.

*Doe,* 177 W.Va. 84, 350 S.E.2d 711 (1986), we said:

> The uninsured motorist statute, West Virginia Code § 33–6–31 (Supp.1986), is remedial in nature and, therefore, must be construed liberally in order to effect its purpose.

In the present case although Aetna alleges prejudice, Aetna failed to demonstrated how it would be prejudiced.[7] The record shows that the identity of the hit and run driver was a major issue in Mr. Witherspoon's defense and Aetna had the opportunity to investigate the identity of the hit and run driver and to learn his or her whereabouts. In effect, the record shows that Aetna had notice of the claim before the running of the statute of limitations, was not prejudiced because it knew of the identity issue, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it.

 Although a motion for leave to amend a complaint is addressed to the sound discretion of the trial court (*Nellas v. Loucas,* 156 W.Va. 77, 191 S.E.2d 160 (1972); *Perdue, supra* n. 4), because this motion to add a party defendant meets the requirements of Rule 15(c), *W.Va. Rules of Civil Procedure,* we find that the circuit court's negative answer to the second certified question was incorrect and that Mrs. Plymale's motion to amend her complaint should be granted.

Having answered the certified questions, we dismiss this case from the docket of this Court and remand the case to the Circuit Court of Cabell County for further proceedings consistent with this opinion.

Certified questions answered; case remanded.

---

**7.** Mrs. Plymale sought to amend her complaint shortly before trial because of defense counsel's objection to Mrs. Plymale's use at trial of the deposition of the witness who identified Mr. Witherspoon as the hit and run driver. The defense objected to the deposition's use because they were not present during the "crucial portions" of the deposition that was conducted out of state. Defense lawyers were late because their flight was delayed.