STATE OF WEST VIRGINIA

**Dale Wallace,**
**Plaintiff Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1089** (Wayne County 09-C-094)

**I.L. Long Construction, Third-Party Defendant Below;**
**and Akers Paving, Fourth-Party Defendant Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioner Dale Wallace, by counsel Gary Michels II, appeals the orders of the Circuit Court of Wayne County, entered May 24, 2012, and June 28, 2012, which granted respondents' motions to dismiss and denied petitioner's motion to amend the complaint.[1] Respondent I.L. Long Construction ("Long") appears by counsel Travis Haley, and Respondent Akers Paving ("Akers") appears by counsel Paul Gwaltney Jr., both respondents argue in support of the dismissal. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2007, petitioner's wife allegedly stepped on a water meter cover located in the parking lot of the Wayne Post Office. Allegedly, the cover flipped over and pinned the leg of petitioner's wife, causing injury. On May 20, 2009, petitioner and his wife filed a complaint against the Town of Wayne and Wayne Water and Sewer Services[2] ("Wayne") for negligence, failure to warn, and loss of consortium.[3] Wayne was granted permission to file a third-party complaint against Long on July 9, 2010, for negligently re-paving the parking lot. Long

---

[1] The circuit court's order entered on May 24, 2012, granted Long's motion to dismiss. The circuit court order entered on June 28, 2012, granted Akers' motion to dismiss.

[2] The Town of Wayne and Wayne Water and Sewer Services are not a party to this appeal. The circuit court granted them summary judgment by order entered on March 2, 2012.

[3] Petitioner filed a motion for substitution of party to allow Dale Wallace as Executor of the Estate of Deborah Wallace to replace Deborah Wallace as a plaintiff on April 6, 2012.

answered on August 24, 2010, and on September 1, 2010, it filed a third-party defendant and fourth-party plaintiff complaint against Akers asserting claims for contribution and express and/or implied indemnification for all damages that may be rendered against them.[4]

On February 15, 2011, Wayne filed a motion for summary judgment. The circuit court dismissed the complaint against Wayne by order entered on March 2, 2012, and declined to address any claims against Long and Akers. On April 17, 2012, Long moved to dismiss the action pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Petitioner sought permission to amend the complaint on April 23, 2012, to assert that Long and Akers were negligent in performing work on the parking lot. In further support of the motion, petitioner stated that neither party would be prejudiced by the amendment because both parties have been involved in the action for over a year, have participated in all discovery, and would have ample time to prepare for trial, and the amended complaint was based on the same occurrence as the original complaint. Subsequently, Akers filed a motion to join Long's motion to dismiss. The circuit court granted Long and Akers's motions to dismiss and denied petitioner's motion to amend the complaint by orders entered on May 24, 2012, and June 28, 2012, respectively.

Petitioner appeals the dismissal order to this Court. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). In support of his argument, petitioner states that it is undisputed that respondents participated in all discovery and were prepared to go to trial before the circuit court dismissed the case; that the amended complaint would not have prejudiced the respondents because it would not have created a new cause of action or raised new substantive issues because it arose out of the same occurrence as the original complaint; and, respondents were timely added as third and fourth party defendants.

This Court has previously stated that

[u]nder Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure* [1998], an amendment to a complaint changing a defendant or the naming of a defendant will relate back to the date the plaintiff filed the original complaint if: (1) the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence as that asserted in the original complaint; (2) the defendant named in the amended complaint received notice of the filing of the original complaint and is not prejudiced in maintaining a defense by the delay in being named; (3) the defendant either knew or should have known that he or she would have been named in the original complaint had it not been for a mistake; and (4) notice of the action, and knowledge or potential knowledge of the mistake, was received by the defendant within the period prescribed for commencing an action and service of process of the original complaint.

Syl. Pt. 4, *Brooks v. Isinghood*, 213 W.Va. 675, 584 S.E.2d 531 (2003). We further held that,

---

[4] Long contracted with Akers to pave the parking lot.

Under the 1998 amendments to Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure* , before a plaintiff may amend a complaint to add a new defendant, it must be established that the newly-added defendant (1) received notice of the original action and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the newly-added defendant, prior to the running of the statute of limitation or within the period prescribed for service of the summons and complaint, whichever is greater. To the extent that the Syllabus of *Maxwell v. Eastern Associated Coal Corp.,* 183 W.Va. 70, 394 S.E.2d 54 (1990) conflicts with this holding, it is hereby modified.

Syl. Pt. 9, *Brooks.* Under the facts of this case petitioner's statute of limitations expired on May 22, 2009. The record reflects that Long was not added as a party until July 9, 2010, and Akers was not added until September 1, 2010, both well over a year after the statute of limitations expired. Therefore, because respondents did not receive notice of the original complaint prior to the expiration of the statute of limitations or within 120 days of the service of the original complaint, petitioner's amended complaint does not relate back to the original complaint as required by Rule 15.

For the foregoing reasons, we affirm the circuit court's decision.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II