350 S.E.2d 552

**BELMONT COUNTY NATIONAL BANK**

v.

**ONYX COAL CO., a corporation, Barrikaid Leasing Co., a partnership, Barry D. Haught, Peggy L. Haught, and Jeannette E. Kinkaid.**

**No. 16926.**

Supreme Court of Appeals of West Virginia.

Nov. 12, 1986.

Rehearing Denied Dec. 18, 1986.

Marvin W. Masters, Janet R. Gerwig, Masters & Taylor, Charleston, for Peggy Haught.

Dan A. Marshall, Parkersburg, for Barry Haught.

James T. McClure, Wheeling, for Belmont.

William J. Yeager, Jr., Gregory J. Herndon, Herndon, Morton, Herndon & Yeager, Wheeling, and David G. Hanlon, Harrisville, for Kinkaid.

BROTHERTON, Justice:

This is an appeal from a summary judgment of the Circuit Court of Tyler County

against Peggy Haught and in favor of Jeannette Kinkaid in the amount of $590,248.61, with interest and costs. The suit was one for contribution among co-accommodation makers. We disagree with the circuit court's judgment and reverse.

Jeannette Kinkaid and Barry Haught are business entrepreneurs joined in two ventures. The first is Onyx Coal Company, a corporation of which the two are the sole shareholders. The second is Barrikaid Leasing Company, of which both are general partners. Peggy Haught is Barry Haught's wife, and has no direct interest in either enterprise. Trouble began when Onyx Coal and Barrikaid Leasing, the corporation and the partnership, borrowed $1,075,000.00 from Belmont County National Bank. It is not clear from the record exactly how the money was divided, but it is unrefuted that Peggy Haught received nothing from the loan. The note evidencing the loan was signed as follows:

**ONYX COAL CO.**

By: /s/ Barry D. Haught

Its: President

**BARRIKAID LEASING CO.**
a West Virginia general partnership

By /s/ Barry D. Haught
Barry D. Haught, a General Partner

By /s/ Jeannette E. Kinkaid
Jeannette E. Kinkaid, a General Partner

/s/ Barry D. Haught
Barry D. Haught, Individually

/s/ Peggy L. Haught
Peggy L. Haught, Individually

/s/ Jeannette E. Kinkaid
Jeannette E. Kinkaid, Individually

---

While the loan was to be for the exclusive benefit of Onyx Coal and Barrikaid Leasing, the bank required the individual signatures as well.

For reasons unknown to this Court, Onyx Coal and Barrikaid Leasing did not make timely payments on the loan. The bank obtained a summary judgment against all defendants except Peggy Haught for the principal amount. Jeannette Kinkaid paid the judgment then cross-claimed against Barry Haught and Peggy Haught for contribution. Judgment was obtained against Barry Haught, and Jeannette Kinkaid then moved for summary judgment against Peggy Haught. By order dated January 3, 1985, the Circuit Court of Tyler County, Judge Richard A. Warmuth, granted a motion for summary judgment against Peggy Haught, who now appeals to this Court.

Normally we would begin with a discussion of who were the principal makers and who were accommodation makers. However, in this case all parties agree that Onyx Coal Corporation and Barrikaid Leasing were the principal makers of the note and that the individuals signed as accommodation makers only. Since this is essentially a factual issue, we accept the parties' determination.

Jeannette Kinkaid argued successfully in the lower court that the corporation was insolvent, and the partnership was insolvent, and, therefore, she paid as an accommodation maker.[1] When payment is made by an accommodation maker, W.Va. Code § 45-1-6 (1982) provides for contribution from the co-accommodation makers:

> If the principal debtor be insolvent, any surety or guarantor (or his committee, personal representative or heir) against whom a judgment or decree has been rendered on the contract in which he was a surety or guarantor, may obtain a judgment or decree by motion, in the court in which such judgment or decree was rendered, against any cosurety or

1. Surprisingly, no evidence was presented on either of these points.

co-guarantor (or his committee, personal representative or heir) for his share, in law or equity, of the amount for which the first-mentioned judgment or decree may have been rendered; and if the same has been paid, for such share of the amount so paid, with interest thereon from the time of such payment.

The theory adopted by the lower court, however, has a flaw. Jeannette Kinkaid signed not only as an accommodation maker, she also signed as a principal. In arriving at that conclusion, we look at each individual party to the note and their respective liabilities.

Onyx Coal Company was a principal debtor. The shareholders of Onyx Coal, however, were not personally liable for the debts of the company. W.Va. Const. Art. XI, § 2. Since the company was evidently worthless, the shareholders had no interest and, therefore, no liability.

 Barrikaid Leasing was a general partnership. Partnerships differ from corporations in that the partners, unlike shareholders, are personally liable for the debts of a partnership. W.Va. Code § 47–8A–15(b) (1986). Jeannette Kinkaid, when she signed the note as a partner of Barrikaid Leasing, bound not only Barrikaid Leasing, but herself personally. *See, e.g., Harris v. Welch*, 87 W.Va. 154, 156, 104 S.E. 277, 277 (1920). The debt was not only a debt of Barrikaid Leasing, but a personal debt of Jeannette Kinkaid as well. A person cannot be an accommodation maker for his or her own debt. *See, e.g., Kopff v. Miller*, 501 S.W.2d 532, 537 (Mo.Ct.App.1973). By signing for Barrikaid Leasing, Jeannette Kinkaid became a principal on the note. That Jeannette Kinkaid signed as an accommodation maker does not erase the fact that she was already personally liable as a general partner of Barrikaid Leasing.[2]

Peggy Haught signed only as an accommodation party. She is, in reality, the only accommodation party because Barry Haught and Jeannette Kinkaid signed as principals. An accommodation party, Peggy Haught, cannot be liable to a principal, Jeannette Kinkaid, for payment on the note. West Virginia Code § 46–3–415(5) (1966) provides: "An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party." The statute is dispositive of this case. Jeannette Kinkaid may only look to her partner, Barry Haught, for contribution.

If we held for Jeannette Kinkaid in this action, we would create a circular liability which would be similar to a dog chasing its tail. Any time an accommodation maker is forced to pay on an instrument, the accommodation maker has a right of recourse against the party accommodated. *See* W.Va. Code § 46–3–415(5) (1966). The party accommodated in this case would be Barrikaid Leasing, the partnership. Peggy Haught could then sue Barrikaid Leasing for any money she had to pay Jeannette Kinkaid. Jeannette Kinkaid was a general partner of Barrikaid Leasing. A general partner is personally liable for the debts of the partnership. *See* W.Va. Code § 47–8A–15(b) (1986). Therefore, Jeannette Kinkaid would be personally liable to Peggy Haught for any amount Peggy Haught had to pay Jeannette Kinkaid. A dog chasing its tail always wears himself out, winds up in the same place he started, and never accomplishes anything. So would the litigants if we held for Jeannette Kinkaid.

For the above reasons the judgment of the Circuit Court of Tyler County is reversed.

Reversed.

---

2. Jeannette Kinkaid argues that a partnership is a separate entity from the general partners. This is true, but not helpful to her case. The signature of a person as a general partner of a partnership actually creates *broader* liability than a signature individually. The signature of a person individually would bind the partner individually. However, the signature of a person as a general partner not only binds the person individually, *see* W.Va. Code § 47–8A–15(b) (1986), but also, under most circumstances, will bind the partnership as well. *See* W.Va. Code § 47–8A–9 (1986).