433 S.E.2d 266

Connie HIGGINS, Plaintiff
Below, Appellant,

v.

COMMUNITY HEALTH ASSOCIATION,
d/b/a Jackson General Hospital,
Defendant Below, Appellee.

No. 21451.

Supreme Court of Appeals of
West Virginia.

Submitted May 11, 1993.
Decided July 15, 1993.

William B. Richardson, Jr., Richardson and Richardson, Parkersburg, for appellant.

Edward C. Martin, J. Tyler Dinsmore, Flaherty, Sensabaugh & Bonasso, Charleston, for appellee.

PER CURIAM:

Connie Higgins appeals a decision of the Circuit Court of Jackson County refusing to allow her to amend her pleadings in her suit against Community Health Association, d/b/a Jackson General Hospital and dismissing her suit as barred under the statute of limitations. Because Ms. Higgins should have been allowed to amend her complaint, which was timely filed, we reverse the decision of the circuit court and remand this case for further proceedings on the merits.

On September 22, 1989, Ms. Higgins injured her right shoulder when she slipped on the emergency room floor of Jackson General Hospital. On September 19, 1991, Ms. Higgins filed suit against Jackson General Hospital and served a copy of the complaint and summons on the Secretary of State. *See W.Va.Code* 31–1–15 [1984]. On September 23, 1991, the Secretary of State mailed the complaint and summons back to Ms. Higgins' lawyer with the notation that Jackson General Hospital was not a registered corporation. On September 26, 1991, after discovering that Jackson General Hospital was the registered assumed name of Community Health Association, Ms. Higgins filed an amended complaint against Community Health Association, d/b/a Jackson General Hospital. Ms. Higgins again sought service through the Secretary of State.

In its October 18, 1991 answer to the amended complaint, the hospital asserted that the suit was barred by the two-year statute of limitation found in *W.Va.Code* 55–2–12 [1959]. After a hearing on Ms. Higgins' motion to amend her complaint and the hospital's motion to dismiss, the circuit court denied Ms. Higgins' motion to amend her complaint and dismissed the suit. Then, Ms. Higgins appealed to this Court.

Rule 15(c) of the *W.Va. Rules of Civil Procedure* [1978] governs when amendments relate back to the filing of an original complaint. Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In the present case, the hospital alleges that Rule 15(c) bars Ms. Higgins' amendment because the hospital had no notice of the original suit and had no knowledge that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. However, the record indicates that before the expiration of the statute of limitation, Ms. Higgins filed suit and served a copy of the summons and original complaint on the Secretary of State. *W.Va.Code* 31–1–15 [1984] states that "[t]he secretary of state is hereby constituted the attorney-in-fact for and on behalf of every corporation created by virtue of the laws of this State...." Although Community Health Association's assumed name, Jackson General Hospital, was registered with Secretary of State as an assumed name (*see W.Va.Code* 47–8–4 [1992]), the Secretary of State's office did not consult the assumed name index, but simply returned the summons and complaint noting that Jackson County Hospital was not a registered corporation.

In *Maxwell v. Eastern Association Coal Corporation, Inc.*, 183 W.Va. 70, 73, 394 S.E.2d 54, 57 (1990) we noted that the Supreme Court in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) (discussing the federal rule, which in 1990 was in all relevant respects identical to our Rule 15(c)) held that "an amendment adding a party would not relate back unless the added party had notice of the bringing of the action within the limitations period." [1] *See* 6A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure: Civil* § 1498 (1990). In Syllabus, *Maxwell*, we said:

---

**1.** In 1991, Rule 15(c) of the *Federal Rules of Civil Procedure* was amended to make it clear that service could take place outside the limitations period, as long as service was accomplished with the Rule 4 time frame. Our Rule 15(c) has not been amended.

Where a plaintiff seeks to change a party defendant by a motion to amend a complaint under Rule 15(c) of the West Virginia Rules of Civil Procedure, the amendment will relate back to the filing of the original complaint only if the proposed new party defendant, prior to the running of the statute of limitations, received such notice of the institution of the original action that he will not be prejudiced in maintaining his defense on the merits and that he knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*See also* Syllabus Point 3, *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973) (holding that "motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue").

 In the present case, Ms. Higgins filed her original complaint within the statute of limitations but used the assumed name rather than the registered name of the defendant. The record, as supplemented, shows that the hospital without noting its registered name, conducted business under its assumed name and had instituted various collection actions under its assumed name. Although the hospital registered its assumed name, the Secretary of State did not check the assumed name index, but rather, returned the summons and complaint to Ms. Higgins who within three days filed an amended complaint.

Because the original suit was served on the secretary of state, who under *W.Va. Code* 31–1–15 [1984] is the attorney-in-fact for the hospital, we find that the hospital, prior to the running of the statute of limitation, had received such notice of the original complaint through its statutory agent that it will not be prejudiced in maintaining a defense on the merits and that, but for a mistake involving its assumed name, it

knew or should have known that the action would have been brought against it. Furthermore, we reiterate that the pleading mistake was the fault of Community Health Association, which chose to do business in its assumed name.

Although a motion for leave to amend a complaint is addressed to the sound discretion of the trial court (*Nellas v. Loucas,* 156 W.Va. 77, 191 S.E.2d 160 (1972); *Perdue v. S.J. Groves & Sons Co.,* 152 W.Va. 222, 161 S.E.2d 250 (1968)), because Ms. Higgins' motion to change the name of the defendant meets the requirements of Rule 15(c), *W.Va. Rules of Civil Procedure,* we find that the circuit court should have granted Ms. Higgins' motion.

For the above stated reasons, the judgment of the Circuit Court of Jackson County is reversed and the case is remanded for further proceedings on the merits.

Reversed and remanded.