545 S.E.2d 290

Robin LAWSON, Individually and as Executrix of the Estate of Robert E. Lawson Plaintiff Below, Appellant,

v.

HASH AND BENFORD, A Now Dissolved Partnership, et al. Defendants Below, Appellees.

No. 28204.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 10, 2001.

Decided March 8, 2001.

Sean P. McGinley, Lia M. DiTrapano, Mary S. Blaydes, DiTrapano, Barrett & DiPiero, Charleston, for the Appellant.

Michael C. Allen, Allen & Allen, Charleston, for the Appellee, Hash and Benford.

PER CURIAM:

This is an appeal by Ms. Robin Lawson (hereinafter "Appellant"), individually and as executrix of the estate of her father Robert E. Lawson (hereinafter "decedent"), from an order of the Circuit Court of Kanawha County refusing the Appellant's motion to add Mr. Lee Benford as a party defendant and dismissing the Appellant's civil action. The Appellant contends that the lower court erred in failing to grant her motion to add Mr. Benford as a party defendant pursuant to Rule 15(c) of the West Virginia Rules of Civil Procedure and in dismissing the civil action. Based upon our review of the record, briefs, and arguments of counsel, we agree, in part, with the Appellant's contentions. Accordingly, we reverse and remand this case for further proceedings consistent with this opinion.

I. Facts and Procedural History

The Appellee Joseph C. Hash, Jr., and the Appellee law partnership Hash & Benford (hereinafter "law firm") were hired by the decedent to draft a will naming Mr. Hash as the executor of the estate. Following the decedent's death in 1987, Mr. Hash served as the executor of the decedent's estate. From the initiation of his duties as executor until the dissolution of the Hash & Benford law firm on December 31, 1989, Mr. Hash practiced law with Mr. Lee Benford. In 1991, Mr. Hash was removed as executor by order of the Jackson County Commission, based upon allegations that Mr. Hash, while serving as executor of the decedent's estate, also served as a board member of Appellees Hartley Manufacturing Co., Inc., and Hartley Oil Co., Inc., with whom the decedent had maintained ongoing business dealings. Mr. Hash allegedly engaged in self-dealing by entering into business contracts with Hartley Manufacturing and Hartley Oil, to the benefit of the companies and to the financial detriment of the estate.

The Appellant filed the underlying civil action on August 5, 1992,[1] seeking damages against Appellees, Mr. Hash and the law firm, for tortious interference with contractu-

---

1. By complaint filed on October 30, 1991, the Appellant asserted claims, not germane to the narrow issues presented in this appeal, against other defendants, including Robert P. Hartley, Hartley Manufacturing Co., Inc., R.E.L. Construction Inc., Hartley Oil Company, Inc., and E.I. DuPont de Nemours and Company. The October 30, 1991, complaint alleges that Robert P. Hartley was a principal officer and/or director in charge of operating and/or the controlling shareholder of Hartley Manufacturing, R.E.L. Construction, and Hartley Oil Company, Inc. The original complaint was amended on August 5, 1992, to include Mr. Hash, Hash & Benford, and Jackson County Bank. The Bank was included as a defendant based upon loans made by the bank in conjunction with contracts for the construction of buildings and a rail facility for the use of E.I. DuPont de Nemours and Company.

al rights, civil conspiracy, legal malpractice, and tortious interference with a testamentary bequest.[2] Although Mr. Lee Benford was not named as a party in that August 5, 1992, complaint, he did receive notice of that complaint and the allegations contained therein and personally contacted the law firm's malpractice insurance carrier regarding the filing of the civil action. Mr. Benford also appeared, by counsel, at a discovery deposition in this case.

On September 8, 1992, the law firm filed a motion to dismiss the complaint, alleging that the partnership was not properly named in the complaint because a suit against a partnership, under the law existing at the time the complaint was filed, must be brought against the individual partners in their own names. No hearing was scheduled on the law firm's motion to dismiss. On September 22, 1998, in response to the law firm's allegation that the partnership could be sued only by naming both partners individually, the Appellant filed a petition for leave to amend her complaint to add Mr. Lee Benford as a party defendant, pursuant to Rule 15(c) of the West Virginia Rules of Civil Procedure. On October 9, 1999, the lower court held a hearing on the partnership's 1992 motion to dismiss. By order entered November 16, 1999, the lower court denied the Appellant's motion to add Mr. Benford as a party defendant, ruling, without extensive discussion, that the "relation back" provisions of Rule 15(c) did not apply. The lower court also granted the law firm's motion to dismiss, ruling that "[a]t common law a partnership was not a proper party to a civil action in West Virginia."

## II. Standard of Review

■■■ In syllabus point two of *State ex rel. McGraw v. Scott Runyan Pontiac-* *Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995), this Court explained that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" This *de novo* standard of review is consistent with the customary principles of appellate review enunciated in syllabus point one of *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995), as follows: "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."

## III. Discussion

■■■ The Appellant asserts that the lower court erred in denying her motion to add Mr. Lee Benford as a party defendant pursuant to Rule 15(c) of the West Virginia Rules of Civil Procedure. Rule 15(c) provides, in pertinent part, as follows:

(c) *Relation Back of Amendments*—An amendment of a pleading relates back to the date of the original pleading when:

. . . .

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing paragraph (2) is satisfied and, within the period provided by Rule 4(k) [120 days] for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the

---

2. During oral argument of this matter, this Court raised the issue of the effect of the statute of limitations upon claims asserted almost three years after the dissolution of the partnership between Mr. Hash and Mr. Benford. Counsel for the Appellant responded that the issue was resolved through the application of the discovery rule, and no further discussion ensued on that issue during oral argument. Two days after oral argument, the Appellant submitted a reply brief explaining that the complaint was amended on August 5, 1992, in direct response to information obtained during a February 1992 deposition of Mr. Hash regarding Mr. Hash's alleged misconduct in handling the estate. Thus, the Appellant explains that the August 1992 amended complaint, forwarding allegations against Mr. Hash and Hash & Benford, was filed well within the two years allowed by the discovery rule from the discovery of the partnership's tortious conduct during Mr. Hash's February 1992 deposition. Since this statute of limitation issue was not extensively considered in the briefs to this Court, we do not foreclose additional inquiry into this matter by the lower court on remand, should such inquiry become necessary or appropriate.

merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have brought against the party.

W.Va.R.Civ.P. 15(c) (time limitation from W.Va.R.Civ.P. 4(k) supplied).[3]

■ In the syllabus of *Maxwell v. Eastern Associated Coal Corporation, Inc.*, 183 W.Va. 70, 394 S.E.2d 54 (1990), this Court explicitly clarified the application of Rule 15(c), as follows:

> Where a plaintiff seeks to change a party defendant by a motion to amend a complaint under Rule 15(c) of the West Virginia Rules of Civil Procedure, the amendment will relate back to the filing of the original complaint only if the proposed new party defendant, prior to the running of the statute of limitations, received such notice of the institution of the original action that he will not be prejudiced in maintaining his defense on the merits and that he knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Accord Barney v. Auvil,* 195 W.Va. 733, 466 S.E.2d 801 (1995); *Higgins v. Community Health Ass'n,* 189 W.Va. 555, 433 S.E.2d 266 (1993); *Plymale v. Adkins,* 189 W.Va. 204, 429 S.E.2d 246 (1993); *Marks Construction Co., Inc. v. Bd. of Educ. of County of Wood,* 185 W.Va. 500, 408 S.E.2d 79 (1991).

■ In the case sub judice, the lower court held that "Rule 15(c) allows relation back of the amendment only if the amendment is made within the one hundred twenty (120) days allowed for service under Rule 4(k)." That ruling significantly misinterprets Rule 15(c). It is not the amendment itself which is subject to the 120 day limitation under Rule 4(k); the question is whether the defendant to be added received appropriate *notice within 120 days* of the filing of the

action. In order to achieve relation back under Rule 15(c), the party to be added must, within 120 days of the filing of the complaint, (a) have received notice of the institution of the action such that he will not be prejudiced and (b) have known or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The Appellant emphasizes that Mr. Benford had actual knowledge of this civil action when the complaint was served upon the law firm, as evidenced by the fact that Mr. Benford personally notified the insurance carrier regarding the institution of the action. The Appellant also contends that Mr. Benford knew or should have known that he would have been named, in his capacity as a partner in the law firm of Hash & Benford, but for a mistake.

Based upon our review of this matter, we conclude that Mr. Benford had knowledge of the pending suit when the law firm was served with the complaint. Moreover, we find that Mr. Benford received such notice of the institution of the original action that he will not be prejudiced in maintaining a defense and that Mr. Benford knew or should have known that, but for a mistake concerning the individual recitation of partnership names, the action would have been properly brought against him as a partner in the law firm. Consequently, we hold that the lower court erred in refusing the Appellant's request to file an amended complaint against Mr. Benford relating back to the date of the filing of the original complaint pursuant to Rule 15(c).

■ The Appellant also alleges that the lower court erred in granting the partnership's motion to dismiss on the ground that a partnership could not be a proper party to a civil action in West Virginia in 1992, prior to the passage of the Uniform Partnership Act of 1995, West Virginia Code §§ 47B–1–1 to

---

**3.** Rule 4(k) of the West Virginia Rules of Civil Procedure provides:

(k) *Time Limit for Service*—If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall

dismiss the action without prejudice as to that defendant or direct that service be effective within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

234

47B–11–5 (1995) (Repl.Vol.1999). The Appellant asserts that a partnership could properly be a party to a lawsuit under West Virginia Code § 47–8A–13 (1953) (Repl.Vol.1980), in existence in 1992 as a portion of the Uniform Partnership Act of 1953: "Where, by any wrongful act or omissions of any partner acting in the ordinary course of the business of the partnership or with the authority of its copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act." West Virginia Code § 47–8A–14 (1953) (Repl. Vol.1980) provided:

The partnership is bound to make good the loss: (a) Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it; and (b) Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership.

In *Belmont County National Bank v. Onyx Coal Co.,* 177 W.Va. 41, 350 S.E.2d 552 (1986), this Court acknowledged that a partnership is a separate entity. *Id.* at 43, 350 S.E.2d at 554 n. 2. Moreover, in syllabus point two of *Mullins v. Baker,* 144 W.Va. 92, 107 S.E.2d 57 (1959), this Court explained that "[a] proper pleading in partnership cases is by the individual names of the partners." Accordingly, while the partnership could be sued, proper pleading would require the partners to be individually named. Inclusion of Mr. Benford as a party defendant, as discussed above, renders the law firm's claims of improper pleading against the partnership moot by creating a proper pleading naming both parties individually.

Based upon the foregoing, we reverse the lower court's dismissal of the Appellant's civil action and remand with directions to permit the filing of the Appellant's amended complaint to include Mr. Lee Benford individually, relating back to the filing of the original complaint pursuant to the provisions of Rule 15(c), and for such further proceedings as become necessary or appropriate subsequent to the reinstitution of this cause of action.

*Reversed and Remanded with Directions.*