600 S.E.2d 311

**FRANK P. BUSH, JR. & ASSOCIATES, L.C. Plaintiff Below, Appellee,**

v.

**Robin HAMMER, Defendant Below, Appellant.**

**No. 31508.**

Supreme Court of Appeals of West Virginia.

Submitted: May 25, 2004.

Filed: June 30, 2004.

Albright, J., filed concurring opinion.

Davis, J., filed concurring opinion.

**600**

Robin Hammer, Pro se, Elkins.

Frank P. Bush, Jr., Esq., Elkins, for Appellee.

PER CURIAM.

This is an appeal from the April 11, 2002 order of the Circuit Court of Randolph County, West Virginia, which granted the *Motion to Dismiss Appeal* filed by Plaintiff below and Appellee herein, Frank P. Bush, Jr. & Associates, L.C. ("Appellee").

For the reasons discussed below, the circuit court's order is reversed and this case is remanded for further proceedings.

I.

FACTS

In February 1998, Robin Hammer, Defendant below and Appellant herein ("Appellant"), retained Appellee and one of its attorneys, Christina Bush, Esq., to represent him in connection with his divorce. Upon becoming dissatisfied with Appellee's legal representation, Appellant terminated Appellee's services in June 1998.

On October 4, 2001, Appellee instituted proceedings against Appellant in the Magistrate Court of Randolph County for the purpose of collecting unpaid legal fees in the amount of $971.60.

On December 27, 2001, following a magistrate court trial on the matter, judgment was rendered in favor of Appellee in the requested amount.

Twenty (20) days later, on January 16, 2002, in an effort to appeal the judgment rendered against him in magistrate court and using the civil appeal bond form prepared by this Court for use in magistrate court appeals, Appellant, *pro se*, posted an appeal bond in the amount of the judgment and also paid the $86.00 filing fee. According to Appellant, when he inquired of magistrate court personnel whether he was required to also file a written notice of appeal, he was advised that no separate written document was necessary. Accordingly, at that time, Appellant filed no other written document in connection with his appeal to the circuit court.

Thereafter, on January 23, 2002, a *Notice of Bench Trial* scheduling a trial on Appellant's appeal was served upon both Appellant and Appellee. The bench trial was scheduled for April 8, 2002.

On March 12, 2002, Appellee filed a *Motion to Dismiss Appeal* on the ground that Appellant had failed to serve Appellee with a written notice of appeal, in violation of Rule 8 of the *West Virginia Rules of Civil Procedure for Magistrate Courts* ("magistrate court rules"). In particular, Rule 8(a) provides that "[e]very pleading subsequent to the original complaint, every answer, every written motion other than one which may be heard without notice to other parties… shall be served upon each party to the case." *Id.*, in pertinent part.

At a hearing conducted on April 8, 2002, the circuit court heard arguments on Appellee's motion to dismiss and Appellant's response thereto.[1] In an order entered April 11, 2002, the circuit court granted Appellee's motion and dismissed the appeal on the

---

1. On March 14, 2002, Appellant filed *Defendant's Response to Plaintiff's Motion to Dismiss Appeal* and on March 21, 2002, also filed *Response to Plaintiff's Cross Motion to Dismiss* and *Motion for Continuance and Leave of the Court to Make Discovery*.

grounds that Appellant failed to comply with *W.Va. R. Civ. P.* 8 and Rule 18 of the magistrate court rules.[2] The circuit court found that Appellant

> did not serve [Appellee] with notice of his intent to appeal to the Circuit Court. The Court finds that written notice of appeal was not filed within twenty (20) days from the entry of the Magistrate Court. The Court further finds that more than ninety (90) days have lapsed since the Magistrate Court ruling and thus the court will not grant an appeal pursuant to Rule 18(c) of the [sic] Civil Procedure for Magistrate Courts.

April 11, 2002 Order. It is from this order that Appellant now appeals.

## II.

### STANDARD OF REVIEW

■ Whether Appellant satisfied the requirements of Rule 18 of the magistrate court rules presents a legal question; therefore, we review the circuit court's order dismissing Appellant's appeal to that court *de novo*. In syllabus point one of *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995), this Court held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." *See* Syl. pt. 2, *Lawson v. Hash and Benford*, 209 W.Va. 230, 545 S.E.2d 290 (2001). *See also* Syl. pt. 4, *Keesecker v. Bird*, 200 W.Va. 667, 490 S.E.2d 754 (1997) ("An interpretation of the *West Virginia Rules of Civil Procedure* presents a

**2.** Rule 18 of the *West Virginia Rules of Civil Procedure for Magistrate Courts* provides, in pertinent part:

> (a) Any party to a final judgment may as a matter of right appeal to circuit court. Notice of appeal shall be filed in magistrate court:
> (1) Within 20 days after judgment is entered[.]

> . . . . .

> (b) The magistrate shall require the appellant to post a bond with good security in a reasonable amount not less than the sum of the judgment and the reasonable court costs of the appeal, upon the condition that such person will satisfy the judgment and any court costs which may be rendered against the appellant on the appeal. The magistrate court clerk or

question of law subject to a *de novo* review.").

## III.

### DISCUSSION

■ As indicated above, Appellant filed an appeal using a form he obtained from the magistrate court; he also posted a bond in the amount of the judgment rendered against him and paid the required filing fee, all in an effort to timely appeal the magistrate court judgment. When magistrate court personnel indicated to Appellant, upon his inquiry, that no additional written documents were necessary to file his appeal, Appellant acted accordingly. Approximately one week later, a written *Notice of Bench Trial* was served upon both parties giving the parties more than two (2) months notice of the scheduled trial On appeal, it is Appellant's contention that he substantially complied with the requirements of Rule 18 and that Appellee was afforded ample notice of the appeal. Moreover, relying on *Wolfe v. Welton*, 210 W.Va. 563, 558 S.E.2d 363 (2001), Appellant argues the form he used to file his appeal to circuit court satisfied the notice of appeal requirement under Rule 18 of the magistrate court rules. We agree.

This Court addressed Rule 18 and its notice requirements in *Wolfe*, a decision issued only several weeks prior to the relevant procedural events which occurred in the instant case.[3] In *Wolfe*, the appellee commenced an appeal from magistrate court by filing an appeal on a form prepared by this Court for use in magistrate court appeals. *Id.*, 210 W.Va. at 569, 558 S.E.2d at 369. The appellee signed the form, which stated that

> deputy clerk shall collect the bond and the circuit court filing fee at the time the appeal is filed unless the person or entity filing the appeal is permitted to proceed without prepayment. The magistrate court clerk or deputy clerk shall forward any collected bond and fee along with the appropriate documents to the circuit court clerk.
> (c) If no notice is filed within the 20-day period, the circuit court may, not later than 90 days after the date of judgment, grant an appeal upon a showing of good cause why the notice was not filed within such 20-day period.

**3.** *Wolfe* was issued by this Court on December 12, 2001. Appellant appealed the magistrate court order to circuit court on January 16, 2002.

" '[t]he... plaintiff [below] ... wish[ed] to exercise the right to appeal the judgment in this case....' " *Id.* The appellee, in *Wolfe,* posted the required bond and paid the applicable filing fee, but did not file a separate written document "purporting to be a 'notice of appeal' under Rule 18." *Id.* This Court determined that

> the filing of the appeal bond on the form provided by this Court, clearly stating that the party does so "wishing to exercise the right to appeal the judgment in this case," substantially fulfills the Rule 18 requirement for the "notice of appeal." *We conclude that upon the filing of the bond and payment to the magistrate court of the circuit court filing fee, the appeal was properly commenced.*

*Id.* (Footnote omitted and emphasis added)

Our holding in *Wolfe* is directly applicable to the instant appeal. Like the appeal bond form in *Wolfe,* the form Appellant used in the instant case expressly stated that the "defendant [below], wish[ed] to exercise the right to appeal the judgment in this case." Though Appellant did not file a separate written "notice of appeal," he paid the filing fee and even asked magistrate court personnel if he was required to file any other written document to commence his appeal. Moreover, it is undisputed that Appellant filed the appeal bond twenty (20) days after judgment was rendered against him in magistrate court and thus, within the time prescribed by Rule 18. It is clear to this Court that under our decision in *Wolfe,* Appellant's timely filing of the appeal bond on the form prepared by this Court is sufficient to constitute the required "notice of appeal" under Rule 18 of the magistrate court rules. We conclude, therefore, that the circuit court committed error when it dismissed Appellant's appeal.

## IV.

## CONCLUSION

For the reasons stated, the order entered April 11, 2002, of the Circuit Court of Randolph County, is hereby reversed, and this case is remanded to that court for further proceedings.

Reversed and remanded.

---

1. In *Wolfe* I wrote a concurring opinion in which Justice Maynard joined. Chief Justice McGraw

Justices DAVIS and ALBRIGHT concur and reserve the right to file concurring opinions.

ALBRIGHT, Justice, concurring.

This circumstances of this case involve the potential failure of the appellant to have properly perfected his appeal from magistrate court to circuit court because he failed to give appropriate notice of appeal in the magistrate court pursuant to Rule 18 of the Rules of Civil Procedure for Magistrate Courts. These circumstances mirror the problems addressed by this Court in *Wolfe v. Welton,* 210 W.Va. 563, 568–69, 558 S.E.2d 363, 368–69 (2001). In *Wolfe* we noted that the bond form furnished by this Court was barely sufficient to constitute a proper notice of appeal and urged its prompt revision. I once again urge the correction of the form furnished in magistrate court to effect an appeal in order to obviate the problem raised in this case and in *Wolfe v. Welton* regarding the giving of an adequate notice of appeal.

DAVIS, J., concurring.

In this proceeding the majority opinion has reversed the decision of the circuit court, which dismissed the appeal of Mr. Hammer. "I agree with the [majority's] opinion[ ] holding that the circuit court's ruling should be reversed.... However, I do not agree with the reasoning used by the [majority] in reaching its conclusion. For the reasons set forth below, I concur in the judgment of the [majority] opinion, but disagree with its rationale." *Wolfe v. Welton,* 210 W.Va. 563, 577, 558 S.E.2d 363, 377 (2001) (Davis, J., concurring).

**Filing Appeal Bond Does Not Satisfy Notice of Appeal Requirement**

The majority opinion reversed this case based upon the plurality opinion in *Wolfe v. Welton,* 210 W.Va. 563, 558 S.E.2d 363 (2001).[1] In *Wolfe* the plurality opinion stated that, "upon the filing of the bond and payment to the magistrate court of the circuit court filing fee, [an] appeal [is] properly commenced." *Wolfe,* 210 W.Va. at 569, 558 S.E.2d at 369. In my concurring opinion in *Wolfe,* I pointed out that the plurality opinion

also wrote a separate concurring opinion.

reached the correct result, but for the wrong reasons. I indicated in that case that filing an appeal bond *did not satisfy* the notice of appeal requirement contained in W. Va.Code § 50–5–12 (1994):

> The statute clearly mandates the filing of a petition for appeal. The statute leaves no room for discretion. If a party wishes to appeal, that party must file a petition for appeal. Pursuant to *Cable* [*v. Hatfield,* 202 W.Va. 638, 505 S.E.2d 701 (1998)], failure to comply with the statute's mandatory procedure is fatal to an appeal and prevents a circuit court from having jurisdiction to proceed to the merits of the case. This Court has previously held that an " 'appellate court does not acquire jurisdiction and cannot entertain an appeal unless the appeal petition is filed within the prescribed appeal period.' " *Asbury v. Mohn,* 162 W.Va. 662, 665, 256 S.E.2d 547, 548–549 (1979) (quoting *State v. Legg,* 151 W.Va. 401, 406, 151 S.E.2d 215, 219 (1966)).

*Wolfe,* 210 W.Va. at 578, 558 S.E.2d at 378 (Davis, J., concurring).

In the instant case, the majority opinion has reached the correct result, but for the wrong reasons. This case turned upon the fact that Mr. Hammer was not a lawyer. He was acting pro se in this litigation. This Court has long held that non-lawyer, pro se litigants generally should not be held accountable for all of the procedural nuances of the law.

> When a litigant chooses to represent himself, it is the duty of the trial court to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party.... Most importantly, the trial court must strive to insure that no person's cause or defense is defeated solely by reason of their unfamiliarity with procedural or evidentiary rules.

*State ex rel. Dillon v. Egnor,* 188 W.Va. 221, 227, 423 S.E.2d 624, 630 (1992) (internal quotations and citations omitted).

> Of course, the court must not overlook the rules to the prejudice of any party. The court should strive, however, to en-

sure that the diligent pro se party does not forfeit any substantial rights by inadvertent omission or mistake. Cases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not.

*Blair v. Maynard,* 174 W.Va. 247, 253, 324 S.E.2d 391, 396 (1984).

In the instant proceeding, magistrate court personnel advised Mr. Hammer that all he needed to do to perfect an appeal was to file an appeal bond. As a pro se litigant, Mr. Hammer reasonably relied upon this erroneous information.[2] However, there was no prejudice to Mr. Bush as a result of Mr. Hammer's failure to comply with a procedure of which he had no knowledge. Under these facts, I believe the pro se principles of *Dillon* and *Blair* are dispositive as to why this case should be reversed. I do not believe that the unsound reasoning in the *Wolfe* plurality opinion should have been resurrected to "muddy" the waters on this procedural issue.

In view of the foregoing, I concur.

---

**2.** If Mr. Hammer had been an attorney, there would have been no basis for him to rely upon

the information provided by the magistrate court personnel.