# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Yong Lee,**
**Plaintiff Below, Petitioner**

**vs) No. 16-1107** (Monongalia County 15-C-37)

**Blue Sky Realty, LLC,**
**Defendant Below, Respondent**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Yong Lee, by counsel Clinton W. Smith, appeals the Circuit Court of Monongalia County's October 31, 2016, order dismissing his amended complaint. Respondent Blue Sky Realty, LLC, by counsel Heather M. Noel and Sara E. Brown, filed a response. Petitioner filed a reply. Petitioner argues that the circuit court erred in finding that the amended complaint did not relate back to the filing of the original complaint and in dismissing the amended complaint.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed his original complaint on January 16, 2015, against James Craig alleging a slip and fall injury that occurred on January 20, 2013, on property located at 420 Grant Avenue in Morgantown, West Virginia. Petitioner attempted service of process upon Mr. Craig at 250 Scott Avenue in Morgantown. Mr. Craig, who is a member of respondent, has never resided at or otherwise occupied 250 Scott Avenue. Similarly, respondent has never been located at this address. On January 21, 2015, process was returned as undeliverable.

On March 16, 2015, petitioner filed an "Affidavit of Due Diligence," which began the process for effectuating constructive service by publication.[1] In the affidavit, petitioner's counsel

---

[1] Rule 4(e)(1) of the West Virginia Rules of Civil Procedure provides for constructive service by publication "[i]f the plaintiff shall file with the court an affidavit . . . (C) That the plaintiff has used due diligence to ascertain the residence or whereabouts of the defendant, without effect[.]" Following the filing of this affidavit, the

(continued . . . )

1

conclusorily stated that he "used due diligence to ascertain the whereabouts of Brandy Smith without effect." Despite the error in naming the party counsel was unable to serve, the record reflects that an "Order of Publication" was issued by the Monongalia County Circuit Clerk, which ordered the correct individual, Mr. Craig, to serve an answer or defense to petitioner's complaint. The "Order of Publication," per petitioner's representation, stated that the object of the action was "to collect a debt." The "Publisher's Certificate" indicates that notice was published in the newspaper once a week for two weeks beginning on March 25, 2015, and ending on April 1, 2015.

Mr. Craig failed to file an answer or other responsive pleading; accordingly, petitioner moved for default on January 19, 2016. Approximately one week later, petitioner attempted to serve this motion at the same address at which he attempted service of the original complaint and summons. Thus, Mr. Craig was not served with this motion, but he became aware of it on February 19, 2016, when the insurance agent for the property on which petitioner purportedly fell provided Mr. Craig with a copy of it. Thereafter, Mr. Craig appeared by counsel and sought an enlargement of time within which to respond to petitioner's complaint. Mr. Craig was granted the enlargement and filed a motion for summary judgment asserting that he was entitled to summary judgment on petitioner's sole claim of negligence because he did not own the subject property and, therefore, owed no duty to petitioner. Mr. Craig also argued that petitioner failed to exercise due diligence in attempting to personally serve him and, for that reason, constructive service by publication failed.

On May 2, 2016, petitioner moved to amend his complaint to name the owner of the property upon which he purportedly fell, respondent, as the proper party defendant. The circuit court granted Mr. Craig's motion for summary judgment and dismissed him with prejudice. The court also granted petitioner's motion to amend his complaint. The order, entered on June 7, 2016, provided petitioner with ten days to file his amended complaint and further stated that the circuit court made "no ruling regarding whether the [p]laintiff's Amended Complaint 'relates back' pursuant to Rule 15 of the West Virginia Rules of Civil Procedure."

Following petitioner's filing of the amended complaint, respondent moved to dismiss it pursuant to Rules 12(b)(6) and 41(b) of the West Virginia Rules of Civil Procedure. Respondent asserted that petitioner failed to state a claim upon which relief could be granted due to the

---

clerk shall enter an order of publication against such named and unknown defendants. Every order of publication shall state the title of the action; the object thereof; the name and address of the plaintiff's attorney, if any; that a copy of the complaint may be obtained from the clerk; and that each named and unknown defendant must appear and defend on or before a date set forth in the order, which shall be not fewer than 30 days after the first publication thereof; otherwise, that judgment by default will be rendered against the defendants at any time thereafter.

*Id.* Further, "[p]roof of service by publication is made by filing the publisher's certificate of publication with the court." *Id.*

expiration of the statute of limitations. Specifically, respondent argued that it received no notice of the subject action prior to the expiration of the statute of limitations; therefore, the amended complaint did not relate back to the original complaint. Respondent also argued that dismissal was warranted because petitioner failed to file the amended complaint within the ten-day time frame set forth by the circuit court.

By order entered on October 31, 2016, respondent's motion to dismiss was granted. The circuit court concluded that respondent was not prejudiced by petitioner's delay in filing the amended complaint beyond the ten-day period provided, but it dismissed the complaint upon finding that the notice of publication was inaccurate in that it identified the incorrect defendant and stated that the suit was to "satisfy a debt," that respondent did not receive notice of the suit until February 19, 2016, and that petitioner's inaccurate constructive service was insufficient to provide proper notice to respondent so as to satisfy the relation back requirements set forth in Rule 15(c) of the West Virginia Rules of Civil Procedure. It is from this order that petitioner appeals.

We have held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

Petitioner argues on appeal that respondent has had notice of its need to defend the instant lawsuit since the original summons and complaint were served upon Mr. Craig by publication. Petitioner asserts that, at the time of publication, respondent knew or should have known that it would or could be named as the defendant below, save for petitioner's mistake in naming Mr. Craig as the defendant. Thus, petitioner concludes that the amended complaint relates back to the original complaint.

Under the West Virginia Rules of Civil Procedure, an amended pleading relates back to the original pleading when

> (1)     relation back is permitted by the law that provides the statute of limitations applicable to the action; or
>
> (2)     the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
>
> (3)     the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing paragraph (2) is satisfied and, within the period provided by Rule 4(k) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have brought against the party.

3

W.Va. R. Civ. P. 15(c). In *Brooks v. Isinghood*, 213 W.Va. 675, 584 S.E.2d 531 (2003), we elaborated upon the requirements of Rule 15(c)(3) and held that,

> [u]nder Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure* [1998], an amendment to a complaint changing a defendant or the naming of a defendant will relate back to the date the plaintiff filed the original complaint if: (1) the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence as that asserted in the original complaint; (2) the defendant named in the amended complaint received notice of the filing of the original complaint and is not prejudiced in maintaining a defense by the delay in being named; (3) the defendant either knew or should have known that he or she would have been named in the original complaint had it not been for a mistake; and (4) notice of the action, and knowledge or potential knowledge of the mistake, was received by the defendant within the period prescribed for commencing an action and service of process of the original complaint.

*Id.* at 678-79, 584 S.E.2d at 534-35, Syl. Pt. 4. The period for service of process of the original complaint is 120 days after its filing. W.Va. R. Civ. P. 4(k); *see also Brooks*, 213 W.Va. at 690, 584 S.E.2d at 546 ("The last requirement under Rule 15(c)(3) is that the party to be added to the complaint by amendment must be given notice of the lawsuit, and must know or should know that there has been a mistake in identifying the proper party, within the period provided by law for commencing an action or within 120 days after commencement of the action.") Notice of the original action "may be either formal or informal, and does not require service of the original complaint or summons upon the party affected by the amendment." *Brooks*, 213 W.Va. at 679, 584 S.E.2d at 535, Syl. Pt. 6, in part.

We note first that there is no dispute that the amended complaint asserts a claim that arose from the same occurrence as that asserted in the original complaint, thus satisfying the first factor in determining whether petitioner's amended complaint relates back to the original. The dispute here concerns whether respondent had notice of petitioner's original complaint, which is the crux of the remaining three *Brooks* factors. Petitioner cites no law to support his contention that constructive service by publication upon Mr. Craig of a suit to "collect a debt" imputes notice, informal or otherwise, upon respondent. Indeed, in cases where we have found that an amended complaint relates back to the original following the naming of additional or new defendants, the newly named defendants were aware of the suit or were served within the required time frame. *See Brooks*, 213 W.Va. at 687, 584 S.E.2d at 543 ("It appears that the appellees in the instant case had actual notice of the original lawsuit filed by the appellant, such that they would not be prejudiced by the delay in maintaining a defense on the merits."); *Muto ex rel. Muto v. Scott*, 224 W.Va. 350, 356, 686 S.E.2d 1, 7 (2008) (upon identification of the John Doe defendants initially named in the complaint, the newly-named defendants were served with the amended complaint within 120 days of the filing of the original complaint); *Lawson v. Hash & Benford*, 209 W.Va. 230, 233, 545 S.E.2d 290, 293 (2001) (newly-named defendant found to have knowledge of the pending suit as he "personally notified the insurance carrier regarding the institution of the action."); *Higgins v. Cmty. Health Ass'n*, 189 W.Va. 555, 557, 433 S.E.2d 266, 268 (1993) ("Because the original suit was served on the secretary of state, who under *W.Va. Code* 31-1-15 [1984] is the attorney-in fact for the hospital, we find that the hospital, prior to the

4

running of the statute of limitation, had received such notice of the original complaint through its statutory agent[.]") In this case, respondent did not become aware of the suit until February 19, 2016, which is more than one year beyond the filing of petitioner's original complaint and well outside the 120-day period for service.

Petitioner also fails to establish that respondent will not be prejudiced by being forced to defend the suit at this late juncture. Respondent notes that tenants and witnesses have moved, and memories have faded. The property itself has changed, at a minimum, due to weathering and wear and tear. If evidence of the incident existed, respondent maintains that it has "most certainly been lost or misplaced," particularly due to the lack of notice. The lack of notice also deprived respondent of the opportunity to investigate the incident when it occurred or within the statute of limitations period. These asserted issues are precisely the types of issues that amount to prejudice in defending against stale claims. *See Metz v. E. Associated Coal, LLC*, 239 W.Va. 157, --, 799 S.E.2d 707, 716 (2017) (problems attendant to defending against stale claims include "unavailable witnesses, faded memories, and lost records[.]") Moreover, while "the objective of Rule 15 as a whole is to allow the liberal use of amendments to implement the policy of encouraging litigation on the merits, Rule 15(c) imposes restrictions in deference to the equally important purposes of the statute of limitations." *Brooks*, 213 W.Va. at 684, 584 S.E.2d at 540 (2003) (citation omitted).

Petitioner's final argument is that the circuit court disingenuously found that respondent had no notice when, to have amended his complaint in the first instance to add respondent as a defendant, the circuit court was required to make such determination.[2] The circuit court's order granting petitioner leave to amend, however, made no such findings concerning notice and explicitly stated that "[t]he [c]ourt makes no ruling regarding whether the [p]laintiff's Amended Complaint 'relates back' pursuant to Rule 15 of the West Virginia Rules of Civil Procedure." Thus, there is no merit to this claim.

For the foregoing reasons, we affirm the circuit court's October 31, 2016, order dismissing petitioner's amended complaint.

Affirmed.

---

[2]

Under the 1998 amendments to Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure*, before a plaintiff may amend a complaint to add a new defendant, it must be established that the newly-added defendant (1) received notice of the original action and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the newly-added defendant, prior to the running of the statute of limitation or within the period prescribed for service of the summons and complaint, whichever is greater.

*Brooks*, 213 W.Va. at 679, 584 S.E.2d at 535, Syl. Pt. 9, in part.

**ISSUED**:  November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis